UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM HARGER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-74 |
| | § | |
| FLINT HILLS RESOURCES LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's (Harger's) Motion to Remand (D.E. 6). Harger asserts that Defendant Flint Hills Resources, L.L.C.'s (Flint Hills') removal of the case to this Court on the basis of diversity jurisdiction was procedurally defective because it did not properly reflect the consent of Defendant ABB, Inc. (ABB). Harger argues that ABB's consent was asserted by Flint Hills, but was not evidenced by written documentation signed by or on behalf of ABB within the removal period. For the reasons set out below, the Motion is DENIED.

## DISCUSSION

All defendants are required to timely consent to removal under the "unanimity rule." 28 U.S.C. § 1446(b)(2)(A); *See generally, Acosta v. Master Maintenance & Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). That consent must be evidenced within the 30-day removal period. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2nd Cir. 2012) (the "rule of unanimity" requires that all defendants consent within the 30-day

removal period); *Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (same); *Ortiz v. Young*, 431 Fed. App'x. 306, 308, 2011 WL 2555720, *1 (5th Cir. 2011) (rejecting party's claim that 30-day deadline should be excused for "exceptional circumstances" that were not evidenced).  Thus a late-filed consent is ineffective.

A defendant's consent cannot simply be alleged by the removing defendant; it must be documented by the consenting party.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).  ABB's written and signed Notice of Consent to Removal (D.E. 10) was filed on April 17, 2014, more than thirty (30) days after February 21, 2014, the date Flint Hills and ABB were served with the state court action.

Flint Hills argues that its supplementation of the record with ABB's consent should be deemed timely because its removal deadline was extended by Harger's Notice of Voluntary Dismissal of Defendant ABB Group, L.L.C. (Group) (D.E. 4).  Flint Hills filed its March 12, 2014 notice of removal on the argument that Group was improperly joined.  On March 27, 2014, Harger dismissed Group and the matter became removable, for the first time, on the basis of jurisdictional facts apparent from the face of the pleadings.

"[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," as long as the removal occurs within one year after the action is commenced. 28 U.S.C. § 1446(b)(3), (c); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.

1992) (addressing amount in controversy); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013). When the plaintiff removes all doubt as to removability, the thirty (30) day deadline is extended. This trigger for removability has occurred here, and ABB's consent was filed within thirty (30) days of this triggering event. Under the circumstances, it is not necessary to require Flint Hills to file another notice of removal, even though it would have the right to do so. *E.g., LaGrotte v. Simmons Airlines, Inc.*, 250 F.3d 739, 2001 WL 274124 (5th Cir. 2001) (*per curiam*) (successive removals based on different grounds are permitted).

By dismissing Group, Harger confirmed the jurisdictional facts that Flint Hills alleged in its notice of removal. Indeed, Harger has not contested the Court's diversity jurisdiction. The Court DENIES the motion to remand, rejecting Harger's only basis for remand – that ABB's consent was not timely.

## CONCLUSION

For the reasons set out above, the Court DENIES Plaintiff William Harger's Motion to Remand (D.E. 6).

ORDERED this 22nd day of April, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE