UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIAM HARGER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-74 |
| § | |
| FLINT HILLS RESOURCES LLC, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

William Harger (Harger) has sued ABB Inc. (ABB) and Thomas & Betts Corporation (T&B) for personal injuries he suffered as a result of an electrical contact. At the time of the incident, Harger alleges that he was working on a capacitor that had been de-energized. Harger claims that an employee of ABB or T&B energized the capacitor, causing him to come in contact with the electrical current. ABB has filed its Motion for Summary Judgment (D.E. 37), claiming that it had nothing to do with the work being done on the capacitor and, more specifically, did not employ any of the persons doing so. T&B has filed its Motion for Summary Judgment (D.E. 38), claiming that all claims against it are barred by limitations. Harger has responded to both motions and has included in his response his Motion for Sanctions (D.E. 40), seeking sanctions because Defendants' counsel failed to disclose T&B's involvement in the underlying incident in a timely manner. For the reasons set out below, the Court GRANTS ABB's motion, DENIES T&B's motion, and DENIES Harger's motion for sanctions.

## FACTS AND PROCEDURAL HISTORY

According to his pleading, Harger's injury occurred on June 16, 2012.  D.E. 1-1, p. 27.  On February 14, 2014, he filed suit against Flint Hills Resources, LLC (Flint Hills), ABB Group, LLC and ABB Inc.  *Id.*, p. 26.  Without distinguishing among Defendants, Harger complained of their negligence, gross negligence, negligence per se, and liability under the doctrine of respondeat superior regarding issues related to hiring, training, and supervising employees, providing adequate equipment, and the safety of the workplace.  *Id.*, p. 28.

On March 12, 2014, Flint Hills removed the case to this Court with the consent of ABB Inc..  D.E. 1.  In that removal, Flint Hills alleged that non-diverse ABB Group, LLC was fraudulently joined and, while summons had been issued, it had not been served.  *Id.* at 3; D.E. 1-1, pp. 21-24.  Harger voluntarily dismissed ABB Group, LLC after removal.  D.E. 4.

On May 23, 2014, the remaining parties filed their Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure (Plan).  D.E. 13.  In the Plan, the parties did not anticipate the joinder of additional parties.  However, Harger and Defendants stated their respective anticipation that they would depose, among others, "Jehad Ferah, Thomas & Betts" and "Thomas and Betts' Corporate Representative(s)."  *Id.* at 3, 5, 13.

On June 16, 2014, any two-year statute of limitations expired.  Thereafter, counsel for ABB disclosed that Thomas & Betts Corporation (T&B), and not ABB, was responsible for working alongside Harger with respect to the electrical contact incident.

As a result of that new information, on August 18, 2014, Harger filed his First Amended Complaint joining T&B.  D.E. 19.  On August 26, 2014, T&B was served with summons.  D.E. 21.  And in its First Amended Answer filed September 24, 2014, T&B pled affirmative defenses, including that of limitations.  D.E. 29.

ABB and T&B filed their respective motions for summary judgment on December 29, 2014.  D.E. 37, 38.  ABB contends that it had nothing to do with the work being performed when Harger was injured.  D.E. 37.  T&B, a wholly-owned ABB subsidiary, relies on limitations.  D.E. 38.  On March 24, 2015, Harger voluntarily dismissed Flint Hills from the case.  D.E. 44.  Only ABB and T&B remain.  In addition to defending the summary judgment motions, Harger seeks sanctions for ABB's counsel's alleged lack of candor with respect to disclosing T&B as a potential party during events prior to the expiration of limitations.

## DISCUSSION

### A. ABB's Motion for Summary Judgment

ABB's motion is a no-evidence motion,[1] arguing that there is no competent evidence of a duty in negligence owed to Harger, breach of that duty, or the proximate cause of any injury to Harger.  It contends that neither it, nor any of its employees, was involved in the work that Harger was doing when he was injured.  D.E. 37.

Harger claims that there is a disputed issue of material fact precluding summary judgment because:  (1) Flint Hills and ABB have produced documents showing a

---

[1] While Harger complains that ABB's motion is supported only by a conclusory affidavit of Jay Farah, no such affidavit was included with the motion for summary judgment filed with the Court.  ABB's memorandum references an affidavit of Jay Farah as Exhibit 1.  D.E. 37-1, p. 2.  However, the Farah affidavit is attached as Exhibit 2 to T&B's motion for summary judgment.  Consequently, the Court treats ABB's motion as a no-evidence motion.

working relationship between them and the incident took place on Flint Hills premises; (2) ABB failed to disclose, when it had a duty to do so, that T&B (its wholly-owned subsidiary) was a potential party and failed to claim that it was not a correct party prior to the expiration of limitations; and (3) Harger has attested that Jay Farah told him that he was employed by ABB, thus contradicting Farah's affidavit testimony.  None of this proffered evidence precludes summary judgment for ABB.

First, the documents showing a working relationship between Flint Hills and ABB (collectively at D.E. 39-3 and 39-4) are rather generic documents establishing the format that ABB is to use to submit purchase orders to Flint Hills and additional insured coverage of ABB on Flint Hills' liability insurance policy.  Harger has failed to demonstrate that anything in those documents addresses the specific work on the capacitor that was involved in the incident causing Harger's injury.  The fact that ABB may provide some sort of sales or services to Flint Hills is not evidence that it was involved in the particular capacitor work involved in this case at the time of the incident.

Second, attorney David Bright testifies that counsel for ABB failed to list T&B as an additional party that may be included in the case when this Court's Order required him to do so in connection with the Rule 26(f) meet and confer.  D.E. 39-2.  Neither did ABB's counsel suggest that ABB was not a proper party during various meetings, site visits, and discussions of the case prior to the expiration of limitations.  *Id*.  Harger suggests that this is sanctionable conduct.  He cites, however, no legal argument or authority for maintaining an action against a party who is not demonstrated to have been

involved in the injury that is the basis for the lawsuit simply because an attorney has withheld information on the real party involved.

  Third, ABB objects to the affidavit of Harger in which he states,

> While I was working on the capacitor bank, employees of two other companies were working on the same capacitor bank, Flint Hills Resources, LLC and an ABB-related entity. I believe that either ABB Inc. or ABB Group, L.L.C. was the employer of another man working on the capacitor, Jay Farah, because Mr. Farah told me at the time that he worked for ABB.

D.E. 39-1.  The Court sustains the objections based on this content being hearsay and showing on its face that it is not based on the affiant's personal knowledge.  It is also not probative in that it does not specifically identify ABB Inc. as the "ABB-related entity" involved.

  In its reply, ABB attached evidence to show that ABB and T&B are separate legal entities.  D.E. 41-1 to 41-4.  Yet Harger has not pled, argued, or attempted to prove that there is an issue of alter ego or other basis for piercing the corporate veil.  Neither is there any briefing to establish that ABB had any responsibility or duty related to the conduct of T&B as a wholly-owned subsidiary.  Because there is no competent evidence that ABB was involved in the incident made the basis of this suit or owed and breached a duty to Harger, the Court GRANTS ABB's motion for summary judgment (D.E. 37).

 **B. T&B's Motion for Summary Judgment**

  T&B seeks judgment on the basis of the two-year statute of limitations applicable to claims for personal injuries.  Harger does not dispute that a two-year statute applies to personal injury claims or that, absent some basis for tolling, it ran on June 16, 2014, prior

to Harger's amended pleading joining T&B for the first time.  However, upon joining T&B, Harger pled that it had previously functionally sued T&B by using the name of ABB, its parent corporation, and was amending to add T&B formally under authority of Texas Rule of Civil Procudure 28.  D.E. 19, pp. 2-4.

Harger's argument that his suit against ABB effectively tolled or otherwise satisfied limitations as to T&B, includes reliance on Federal Rule of Civil Procedure 15(c) and the doctrine of misidentification, in addition to Texas Rule of Civil Procedure 28.  This Court, sitting in diversity jurisdiction, applies Texas law to questions of limitations and the tolling of the prescriptive period.  *Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)).  It is only when state law compels a holding that limitations has expired does this Court then apply federal procedural law under Federal Rule of Civil Procedure 15(c) to determine whether newly added claims relate back to the earlier-filed claim.  *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989).  As set out below, Texas law does not compel a holding that limitations bars Harger's claim.  Therefore, the Court does not consider Federal Rule of Civil Procedure 15(c).

Texas Rule of Civil Procedure 28 allows the technical substitution of a party in its corporate name if it was first sued in an assumed name.  The parties dispute whether Rule 28 applies here because Harger did not sue any Defendant in an assumed name, but rather sued the wrong corporation in its own corporate name.  Furthermore, there is no competent evidence that the correct corporation, T&B, operated under an assumed name including ABB—the incorrect corporation that was actually sued.  Harger's briefing of

the issue depends upon the parent-subsidiary relationship rather than any suggestion that an assumed name was involved. Therefore, the Court concludes that Rule 28 is not relevant to Harger's claim to have filed suit within the limitations period.

The elimination of the procedural rules does not mean that Harger is without recourse under Texas law. With respect to the doctrine of misidentification, the Supreme Court of Texas has determined that mistakes in identifying the correct corporate party can be corrected when the respective corporations are related in some way and there is notice and an absence of prejudice.

> The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. While the plaintiff made a mistake in her original petition as to the defendant that should have been sued, it is our opinion that she should be given, under the circumstances here present, an opportunity to prove that the Continental Southern Lines, Inc., was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit.

*Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975). *See also*, *Enserch Corp. v. Parker*, 794 S.W.2d 2, 6 (Tex. 1990); *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 239 (Tex. 1984). It is undisputed that T&B is a wholly-owned subsidiary of ABB, providing the necessary corporate relationship.

T&B's motion is premised only on the fact that it is a separate corporate entity from ABB. This fact is not determinative. There are other questions of fact regarding whether T&B had actual notice of the lawsuit and whether it has been prejudiced in its defense by the two-months that elapsed between the expiration of the two-year statute

and the date it was joined. Because T&B did not submit summary judgment evidence on these issues and Harger did, T&B is not entitled to summary judgment, precluding Harger from using the doctrine of misidentification to preserve his claim against T&B.

Harger also pled the circumstances under which he believes that ABB had a duty to disclose the involvement of T&B, its wholly-owned subsidiary, prior to the expiration of limitations but did not do so. *Id*. Construing Harger's pleading in his favor, he has pled a claim of fraudulent concealment. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (pleadings containing sufficient factual bases are construed in favor of the pleader).

It is Harger's burden to submit sufficient summary judgment evidence to raise a disputed issue of material fact on that doctrine. *McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 865 (5th Cir. 1993) (plaintiff bears the burden to show an equitable principle should vitiate the statute of limitations). Harger has done so. Because the existence of a disputed fact issue precludes summary judgment, T&B is not entitled to summary judgment on limitations for the additional reason that there is a fact question regarding fraudulent concealment.

Because there are fact issues regarding whether (1) T&B had knowledge of the lawsuit and was prejudiced by the delay in joining it, and (2) ABB fraudulently concealed T&B's separate participation in the incident at issue, the Court DENIES T&B's motion for summary judgment.

## C. Conclusion

For the reasons set out above, the Court GRANTS summary judgment and DISMISSES this action as to Defendant ABB, Inc. (D.E. 37); the Court DENIES summary judgment to Thomas & Betts Corporation (D.E. 38). The Court further determines that sanctions are not warranted under the circumstances presented here and DENIES Harger's motion (D.E. 40).

ORDERED this 20th day of April, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE